UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

BETTY COLAR

VERSUS

WINN-DIXIE MONTGOMERY, INC.

CIVIL ACTION

NO. 09-755-JJB

## **RULING**

This matter is before the Court on a motion (doc. 10) for summary judgment, filed by defendant Winn-Dixie Montgomery, Inc. ("Winn Dixie"). Plaintiff Betty Colar has filed an opposition (doc. 12), and defendant has filed a reply (doc. 13). Oral argument is not necessary.

Plaintiff's underlying suit seeks damages for a slip and fall that purportedly occurred in a Winn Dixie store on November 3, 2007. Defendant now requests summary judgment dismissing plaintiff's suit in its entirety because plaintiff has failed to establish that Winn Dixie had actual or constructive notice of a foreign substance on the floor, or that Winn Dixie created or caused the foreign substance to be on the floor. Additionally, according to defendant, plaintiff has not demonstrated that Winn Dixie failed to exercise reasonable care.

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, the movant need only

1

demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to the non-movant, the non-movant may not rest merely on allegations set forth in the pleadings. Instead, the non-movant must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy a non-movant's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once a non-movant has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the non-movant, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. R. Civ. P. 56(c).

To prevail on its claims under Louisiana law, plaintiff must prove all of the elements of Louisiana Revised Statute 9:2800.6. The statute provides:

> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.
>
> . . . .
>
> C. (1) "Constructive notice" means that the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

La. R.S. 9:2800.6.

Additionally, Louisiana jurisprudence establishes that a merchant defending an action under this statute "does not have to make a positive showing of the absence of the existence of the condition prior to the fall." *Kennedy v. Wal-Mart Stores, Inc.*, 733 So.2d 1188, 1190 (La. 1999). Rather, the burden is on the plaintiff to prove the elements of her claim.

Defendant argues that plaintiff has failed to establish a genuine issue of material fact regarding key elements of her claim. Specifically, plaintiff has failed to establish that defendant created or had actual or constructive notice of the

3

substance on the floor prior to plaintiff's fall.  Defendant also asserts that plaintiff has failed to establish that defendant failed to exercise reasonable care.

Defendant contends first that plaintiff has failed to demonstrate that Winn Dixie had actual notice of the substance on the floor.  Plaintiff argues that because one of Winn Dixie's employees (Lydia Sicard) came to plaintiff's aid after she fell, the employee was in the vicinity and thus had notice of the substance on the floor.  However, plaintiff's own statement of facts indicates that Ms. Sicard was not in the area where plaintiff fell (lobby) but was in another section ("the nearby floral shop").  Plaintiff has produced no evidence that any employee had actual knowledge of the substance before plaintiff fell.

In the absence of actual notice, plaintiff must show defendant had constructive notice of the spill.  In *White v. Wal-Mart Stores, Inc.*, 699 So.2d 1081 (La. 1997), the Louisiana Supreme Court set forth the requirements of constructive notice under the statute in a similar slip and fall case.  The court held that the statute does not allow the inference of constructive notice.  Rather, plaintiff must prove the mandatory temporal element: "that the condition existed for such a period of time." La. R.S. 9:2800.6 (C)(1).  The court further stated, "there remains the prerequisite showing of some time period.  A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute."  *White*, 699 So.2d at 1084.

Plaintiff's opposition asserts that the substance must have been on the floor for at least 35 to 50 minutes.  However, the only factual or logical basis for this assertion is the fact that plaintiff had been in the store for 35 to 50 minutes before she fell.  It does not logically follow that, simply because plaintiff was somewhere in the store for 35 to 50 minutes, the substance was necessarily on the floor for this long.  Plaintiff has not established that the substance on the floor was there for "some time" before plaintiff fell.

Defendant also contends that plaintiff has not met its burden to show failure to exercise reasonable care.  Specifically, defendant argues that plaintiff has offered no evidence to show Winn Dixie failed to properly clean its floors or guard against spills and hazards.  To the contrary, deposition testimony indicates that Winn Dixie had a procedure in place for cleaning spills.  In opposition, plaintiff references Winn Dixie's clean-up procedures but appears to argue that because a Winn Dixie employee did not see plaintiff fall, Winn Dixie failed to exercise reasonable care.  As defendant asserts, there is no evidence that any employee should have discovered the substance or was negligent in not discovering and cleaning the substance from the floor.  Also, the duty of the employees to inspect the premises, in accordance with standard procedures, is not unlimited.  *See Tanner v. Brookshire Grocery Co.*, 691 So.2d 871 (La. App. 2d Cir. 1997).

Plaintiff has put forth no evidence that Winn Dixie had actual or constructive notice of the substance on the floor prior to plaintiff's fall.  Similarly,

plaintiff has not established that Winn Dixie failed to exercise reasonable care. As such, summary judgment is appropriate.

Accordingly, defendant's motion (doc. 10) for summary judgment is HEREBY GRANTED, and plaintiff's claims against defendant are DISMISSED.

Signed in Baton Rouge, Louisiana, on January 26, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**